**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JAMES H. BRYANT, et al.**,

        Plaintiffs,

  v.                                       ACTION NO. 2:05cv259

**MV TRANSPORTATION, INC.,**
**and**
**TRANSPORTATION DISTRICT**
**COMMISSION OF HAMPTON ROADS**
**d/b/a HAMPTON ROADS TRANSIT,**

        Defendants.

**OPINION AND ORDER**

This matter comes before the court on defendant Hampton Roads Transit's filing of a Bill of Costs. For the reasons set forth below, the court **DENIES** the Bill of Costs.

### I. Procedural History

On May 2, 2005, twenty-five (25) plaintiffs filed a Complaint against Hampton Roads Transit ("HRT") and MV Transportation, Inc. ("MVT"). On August 29, 2005, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii),[1] the parties agreed to a stipulated

---

[1] Rule 41(a)(1) provides for the voluntary dismissal of an action by a plaintiff, stating:

> [A]n action may be dismissed by the plaintiff without order of court (I) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Fed. R. Civ. P. 41(a)(1)(2005).

dismissal in which twenty-four (24) of the plaintiffs (the "Former Plaintiffs") dismissed, with prejudice, their claims against HRT.[2] On September 8, 2005, HRT filed a Bill of Costs, pursuant to Federal Rule of Civil Procedure 54(d)(1).[3] On September 21, 2005, HRT submitted a Memorandum in Support of Bill of Costs, arguing that as the "prevailing party" against the Former Plaintiffs, it was entitled to costs. On October 5, 2005, the Former Plaintiffs submitted a Memorandum in Opposition to Bill of Costs. On October 11, 2005, HRT submitted a letter stating that it would not reply to Plaintiff's Memorandum. This matter is now ripe for review.

## II. Applicable Law and Analysis

Rule 54(d)(1) provides that the losing party to an action shall reimburse the prevailing party for the latter's costs, other than attorney fees, unless the court decides otherwise. Fed. R. Civ. P. 54(d)(1). The Fourth Circuit has held that Rule 54(d)(1) creates a presumption that the prevailing party will be awarded costs "as a matter of course." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). A district court has discretion to deny costs, but only if it articulates a good reason for denial.

---

[2] The parties also agreed that the remaining plaintiff, George T. Hodge, Jr., would sever his claim against HRT from the Former Plaintiffs' claims against MVT.

[3] Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1).

Id. The issue here, however, is whether HRT constitutes a "prevailing party," in the first instance, when the parties stipulated to dismissing with prejudice, pursuant to Rule 41(a)(1)(ii).

When parties stipulate to a dismissal pursuant to Rule 41(a)(1)(ii), there is no entry of judgment by the court. The parties have an absolute right to a dismissal by stipulation, and thus the court's role in resolving the matter is minimal. 8 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE – CIVIL § 41.34 (2005). The stipulation must be filed in court, but does not require a court order. Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995). Nor does the stipulation require court approval. 8 MOORE, MOORE'S FEDERAL PRACTICE – CIVIL § 41.34(2). The court also is not permitted to impose terms and conditions to protect either party. Id. at § 41.34(3).

Under such circumstances, there is no judicial determination as to who is the prevailing party in the case. In fact, there is no determination of any kind as to who "won" the dispute. The parties could have agreed to dismiss for any number of reasons or benefits, other than because one party would have won on the merits if the case went to trial. Thus, neither litigant is the prevailing party.

The Supreme Court, in Buckhannon Bd. and Care Home, Inc., et al. v. West Virginia Dep't of Health and Human Res., 532 U.S. 598

(2001), addressed the circumstances under which a court may find that a litigant is the prevailing party for purposes of being awarded costs.[4]  The Court cited favorably a definition of a "prevailing party" as the "party in whose favor a judgment is rendered." Id. at 603 (quoting BLACK'S LAW DICTIONARY 1145 (7th ed. 1999)).  The Court proceeded to explain that "a 'prevailing party' is one who has been awarded some relief by the court." Buckhannon, 532 U.S. at 603.  The Court emphasized the need for a "judicial imprimatur" or "judicial relief." Id. at 605-06 (emphasis in original).  The Court gave examples of situations in which there can be a prevailing party, such as when there is a judgment on the merits or a settlement agreement enforced by a consent decree. Id. at 603-04.  Clearly, Buckhannon requires some role of the court in the resolution of an action in order to judicially determine who

---

[4] In that case, the West Virginia Office of the State Fire Marshal ("Fire Marshal") ordered Buckhannon Board and Care Home, Inc. ("Buckhannon") to shut down its home care facilities due to regulatory violations. Buckhannon, 532 U.S. at 600.  Buckhannon brought suit in federal court, seeking declaratory and injunctive relief under the Fair Housing Amendments Act ("FHAA") and the Americans with Disabilities Act ("ADA"). Id. at 600-01.  While the suit was pending, the West Virginia legislature eliminated the regulations that Buckhannon was charged with violating. Id. at 601.

Consequently, the Fire Marshal dismissed its order and moved the district court to dismiss Buckhannon's suit as moot. Id.  The district court granted the Fire Marshal's motion. Id.  Buckhannon sought attorney's fees as the "prevailing party," pursuant to the FHAA and the ADA. Id.  The Supreme Court found that Buckhannon was not the prevailing party because there was no judicial determination involved with the resolution of the case. Id. at 602-06.

prevailed in that action.[5]

HRT cites two cases that have found a litigant to be a prevailing party following a voluntary dismissal. Deft. Mem. in Supp. of Bill of Costs at 1 (citing <u>Mother and Father v. Cassidy</u>, 338 F.3d 704, 708 (7th Cir. 2003); <u>Cantrell v. International Brotherhood of Electrical Workers, AFL-CIO</u>, 69 F.3d 456, 458 (10th Cir. 1995)). However, these cases involved actions voluntarily dismissed pursuant to Rule 41(a)(2). Rule 41(a)(2) operates in a way that is significantly different from Rule 41(a)(1)(ii).[6] While a voluntary dismissal under Rule 41(a)(1)(ii) is effective with little to no court involvement, <u>see</u> 8 MOORE, MOORE'S FEDERAL PRACTICE –

---

[5] The Supreme Court also stated that prevailing party status can be found when there "is a court-ordered 'change [in a] legal relationship between [the plaintiff] and the defendant;" a "'material alteration of the legal relationship of the parties;'" and a "judicially sanctioned change in the legal relationship of the parties." <u>Id.</u> at 604-05 (internal quotations omitted). When parties stipulate to a dismissal with prejudice, "the voluntary dismissal has the same res judicata effect as a final adjudication on the merits favorable to the defendant." 8 MOORE, MOORE'S FEDERAL PRACTICE – CIVIL § 41.34(2). Thus, the stipulated dismissal in this case, agreed to by the Former Plaintiffs and HRT, creates a change in the legal relationship between the parties, because res judicata precludes the Former Plaintiffs from bringing another action against HRT based on the same facts. However, it is still not a "court-ordered change," and the court has no way of knowing why the Former Plaintiffs voluntarily dismissed the action, since there was no court involvement in the matter. In fact, the Former Plaintiffs may have received benefits, monetary or otherwise, for the agreed dismissal with prejudice. <u>See</u> <u>supra</u> at 3.

[6] Rule 41(a)(2) provides for dismissal of actions by order of the court, stating that "[e]xcept as provided [in Rule 41(a)(1)] an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).

CIVIL § 41.34, the court plays a significant role in resolving a case that is dismissed under Rule 41(a)(2), see id. at § 41.40.  A voluntary dismissal under Rule 41(a)(2) is not valid unless the parties obtain a court order.  Fed. R. Civ. P. 41(a)(2).  The plaintiff must move the court, in writing, to dismiss the action. 8 MOORE, MOORE'S FEDERAL PRACTICE – CIVIL § 41.40(4)(a).  The court has the discretion to approve or disapprove of the motion, id. at § 41.40(2), and hence constitutes the determining factor as to whether the case is dismissed.  The court also has the authority to impose conditions on the moving party, id. at § 41.40(10)(a), thereby shaping the terms of the dismissal.  In fact, the court can specifically impose a condition requiring the plaintiff to pay the defendant's costs of litigation.  Id. at § 41.40(10)(d)(I).  Thus, a Rule 41(a)(2) dismissal has the "judicial imprimatur" and "judicially sanctioned" relief lacking in a Rule 41(a)(1)(ii) dismissal.  Consequently, these cases are not on point to the instant matter.[7]

---

[7] HRT also cites EEOC v. Greenbrier Pontiac-Oldsmobile-GMC Trucks-KIA, Inc., Opinion and Order, No. 2:03cv693 (E.D. Va. April 14, 2003).  However, Greenbrier is easily distinguishable, both factually and procedurally, from the instant case.  In Greenbrier, Anthony J. Smith filed a charge with the EEOC on July 31, 2002, alleging that he suffered racial harassment during his employment at Greenbrier.  Id. at 1.  The EEOC investigated Smith's allegations and filed a complaint on September 3, 2003. Id. at 5.  The parties proceeded with discovery, and during a February 5, 2004, deposition, Smith under oath recanted his allegations.  Id. at 5-6. Shortly thereafter, on March 9, 2004, the EEOC and Greenbrier stipulated to a dismissal of the EEOC's action, pursuant to Rule 41(a)(1)(ii).  Id. at 6.  Thus, the dismissal

Finally, Local Civil Rule 54(D) provides that "[t]he party entitled to costs shall file a bill of costs . . . within eleven (11) days <u>from</u> <u>the</u> <u>entry</u> <u>of</u> <u>judgment</u>." E.D. Va. Loc. Civ. R. 54(D) (emphasis added). Although this language does not state that a judgment is required in order to tax a party for costs, it does at least contemplate a judgment as a predicate to awarding costs. Again, there was no judgment in this case.

### III. Conclusion

HRT and the Former Plaintiffs terminated this action on their own accord. The court played absolutely no role in resolving the matter. As a result, there was no judicial action that determined which litigant was the prevailing party, and the court did not grant relief to either litigant. Importantly, there is nothing in the record which would enable the court to ascertain which litigant "won" this case on the merits and thus could be considered the prevailing party. Consequently, this matter does not implicate

---

occurred only after there was significant discovery, including a deposition under oath, in which the original complainant to the EEOC retracted his claims, thereby making the EEOC suit meritless.

Under such circumstances, the <u>record</u> before the court made it easy to determine that Greenbrier was the prevailing party. Hence, <u>Greenbrier</u> is a very different situation from the instant matter, in which HRT has cited nothing in the record that gives any kind of indication as to the basis for the dismissal. HRT does state that "[w]hen HRT's counsel explained its analysis to Plaintiffs' counsel and Plaintiffs' counsel had discussed the matter with her clients, Plaintiffs' counsel agreed that the Plaintiffs did not have viable claims against HRT." Deft. Mem. in Supp. of Bill of Costs at 2. However, this self-serving statement is without any support in the record before the court. <u>See</u> <u>supra</u> at 3 and note 5.

Federal Rule of Civil Procedure 54(d)(1), and the court **DENIES** HRT's Bill of Costs.[8]

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to counsel for plaintiffs and defendants.

**IT IS SO ORDERED.**

/s/Rebecca Beach Smith
_____    _____
                                   UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

November 7, 2005

---

[8] The conclusion here does not absolutely preclude an award of costs when a case is dismissed by stipulation of the parties under Rule 41(a)(1)(ii). See supra note 7. There are certain unusual circumstances where the facts and the record warrant otherwise.